# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-24-00246-CV

---

**K. H. M., Appellant**

v.

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-FM-22-006532, THE HONORABLE MARIA CANTÚ HEXSEL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

K.H.M. (Mother) appeals from the trial court's order terminating her parental rights to her child. *See* Tex. Fam. Code § 161.001. After a bench trial, the trial court rendered judgment finding by clear and convincing evidence that three statutory grounds existed for terminating Mother's parental rights and that termination was in the child's best interest. *See id.* § 161.001(b)(1)(D), (N), (O), (2).

Mother's court-appointed counsel has filed a brief concluding that her appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The brief meets the requirements of *Anders* by

presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-termination case). Mother's counsel has certified to this Court that he has provided her with a copy of the *Anders* brief and a copy of the entire appellate record and informed her of her right to file a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, waiving its right to file an appellee's brief unless requested by this Court or as needed to respond to any pro se brief filed by appellant. To date, Mother has not filed a pro se brief.

We have conducted a full examination of all of the proceedings to determine whether the appeal is wholly frivolous, as we must when presented with an *Anders* brief. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have specifically reviewed the jury's findings under part (D) of Family Code § 161.001(b)(1), and we have found no non-frivolous issues that could be raised on appeal with respect to that finding. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (holding that "due process and due course of law requirements mandate that an appellate court detail its analysis for an appeal of termination of parental rights under section 161.001(b)(1)(D) or (E) of the Family Code"). After reviewing the record and the *Anders* briefs, we find nothing in the record that would arguably support Mother's appeal. We agree with Mother's counsel that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating the parental rights of Mother. We deny Mother's counsel's motion to withdraw.[1]

---

[1] The Texas Supreme Court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing

_____

Thomas J. Baker, Justice

Before Justices Baker, Triana, and Kelly

Affirmed

Filed:   June 28, 2024

---

of a petition for review."   *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam). Accordingly, counsel's obligations to K.H.M. have not yet been discharged.  *See id.*  If after consulting with counsel appellant desires to file a petition for review, her counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."  *See id.*